UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

)
MICHAEL J. GILL ,                             )
                                              )
        Plaintiff,                            )
                                              )    CIVIL ACTION NO.
v.                                            )
                                              )    JURY TRIAL DEMANDED
JULIAN LONG                                   )
                                              )
        Defendant.                            )
_____)

## VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTION

By this action, the Plaintiff, Michael J. Gill ("Gill" or "Mr. Gill") seeks equitable

relief and damages and demands a jury trial.  This complaint arises out of claims for legal

conspiracy, civil remedies for RICO, violation and racketeering against Plaintiff made

by his former employee, Julian Long ("Long" or "Mr. Long").  Mr. Long was hired to

work as a paralegal for Gill and the Mortgage Specialists Inc. ("MSI") .  The president

and sole owner of MSI is Plaintiff, Michael J. Gill.  In March, 2014, Mr. Long began

working as a paralegal for Gill and the MSI corporation.  Long was employed as a

paralegal for Gill and MSI from early March 2014 to mid April 2014.

During his employment, Mr. Long planted an original document in Mr. Gill's

files.  He worked with another paralegal, Linda Nakamura, to assist opposing counsel to

sabotage Mr. Gill's cases.  He coordinated with a new in-coming Attorney, Amy Miller in

an effort to have Mr. Gill's cases dismissed, including an attempt to sabotage a motion

with this court.

- 1 -

Upon confrontation about his behavior, Mr. Long confessed to Mr. Gill that he had been working with opposing counsel and that it was not his original intent. He was recruited by opposing parties and counsel after being hired.

The plaintiff seeks civil remedies for violation of the Racketeer Influenced and Corrupt Organizations Acts (RICO), 18 USCS §1962 et seq. allowing treble damages. RICO is intended to provide weapons to insure integrity in the market place State of California ex rel. Van de Kamp vs. Texeco, Inc., 762 P2d 385 (Ca 1988). The defendant and others have engaged in a series of criminal acts for an enterprise for the common goal of harming the plaintiff, Michael Gill.

## PARTIES

1.      Plaintiff, Michael Gill ("Gill") is a natural person residing in Derry, New Hampshire.

2.      Defendant, Julian Long ("Long") is a natural person who resides in Dover, New Hampshire.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this case as it involves a federal question pursuant to 18 USCS § 1964 (c).

## STATEMENT OF FACTS

4.      Julian Long began working for Gill and MSI in the spring of 2014.

5.      Mr. Long was hired as a paralegal to assist with ongoing litigation.

6.      Shortly after he was hired, Mr. Long was approached and recruited to work as a spy and to actively sabotage Mr. Gill's efforts in pending litigation matters.

7.      Mr. Long planted a forged fee agreement in Mr. Gill's files. This was the

only original document located in more than 17 boxes of papers.

8.      Mr. Long worked together with another paralegal, Linda Nakamura, and opposing counsel to sabotage Mr. Gill's cases.

9.      Mr. Long coordinated efforts with a new attorney, Amy Miller, in an attempt to dissuade Mr. Gill from filing RICO charges. He was told by Attorney Miller to research RICO and to tell Mr. Gill that the claims were not valid.

10.     Mr. Long, Ms. Nakamura and Ms. Miller's joint behavior was so incredulous that it caused another paralegal in the office to quit because he was uncomfortable with the unethical instructions he was being given.

11.     When confronted by Mr. Gill, Mr. Long confessed that he was working with opposing counsel. That it was not his intent to do anything wrong when he was hired, but that he was coerced into doing so.

## COUNT 1 BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

13.     Plaintiff restates and incorporates by reference each of the above paragraphs as if fully set forth herein.

14.     The Defendant owed an implied covenant and duty to the Plaintiff to exercise good faith and fair dealing in the conduct of its business dealings with the Plaintiff.

15.     By way of its acts and conduct as detailed above, the Defendant has breached this covenant and duty.

16.     Said actions constitute wanton, malicious, and oppressive conduct warranting enhanced compensatory damages.

17.     As a direct and proximate cause and result of the foregoing, the Plaintiff has suffered and continues to suffer substantial harm and damages.

18.     The plaintiff is entitled to recover his damages, including all direct, indirect, consequential, and foreseeable damages, disgorgement of past, present, and future monies related to the Defendant's dealings with the Plaintiff and enhanced compensatory or punitive damages as allowed, ALL TO THE DAMAGE OF THE PLAINTIFF OF AN AMOUNT WITHIN THE JURISDICTIONAL LIMITS OF THIS COURT.

## COUNT 2 FRAUD

19.     Plaintiff restates and incorporates by reference each of the above paragraphs as if fully set forth herein.

20.     Defendant has misrepresented material facts to the Plaintiff.

21.     Defendant has made false statements of material fact to the Plaintiff with either knowledge of their falsity or with conscious indifference to their truth; including, but not limited to, the defendant's knowingly false representations that (a), (b), (c), etc.

22.     Defendant misrepresented said material facts with a fraudulent intent and with the purpose of inducing Plaintiff to act or refrain from acting.

23.     Plaintiff reasonably and justifiably relied on said fraudulent misrepresentations to their detriment and acted accordingly.

24.     Said actions of Defendant constitute wanton, malicious, and oppressive conduct, warranting enhanced compensatory damages.

25.     As a direct and proximate cause and result of the foregoing, the Plaintiff has suffered, and continues to suffer, substantial harm and damages.

26.     The Plaintiff is entitled to recover his damages, including all direct,

indirect, consequential, and foreseeable damages, disgorgement of past, present, and

future monies related to the defendant's dealings with the Plaintiff, and enhanced

compensatory or punitive damages as allowed,  ALL TO THE DAMAGE OF THE

PLAINTIFF OF AN AMOUNT WITHIN THE JURISDICTIONAL LIMITS OF THIS

COURT.

## COUNT 3 VIOLATION OF THE RACKETEER INFLUENCE AND CORRUPT ORGANIZATION ACT; 18 U.S.C. § 1962(c)

27.     Plaintiff restates and incorporates by reference each of the above

paragraphs as if fully set forth herein.

28.     Defendant Julian Long is a person within the meaning of 18 U.S.C. §

1961(3).

29.     Defendant committed acts of racketeering within the meaning of 18

U.S.C. § 1961(1)(B).

30.     As a direct and proximate result of Defendant's violation of 18 U.S.C. §

1962(c), the plaintiff has suffered injury to his business or property and other damages

including legal fees, investigative fees, and court costs.

## COUNT 4 VIOLATION OF THE RACKETEER INFLUENCE AND CORRUPT ORGANIZATION ACT; 18 U.S.C. § 1962(d)

31.     Plaintiff restates and incorporate by reference each of the above

paragraphs as if fully set forth herein.

32.     18 U.S.C. § 1962(d) provides that "[i]t shall be unlawful for any person to

conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The

Defendant conspired with other attorneys and paralegals to violate the provisions of 18

U.S.C. § 1503 (relating to obstruction of justice);  18 U.S.C. § 1510 (relating to

obstruction of criminal investigations); 18 U.S.C. §  1511 (relating to the obstruction of

State or local law enforcement); 18 U.S.C. §  1512 (relating to tampering with a witness,

victim, or an informant); and 18 U.S.C. §  1513 (relating to retaliating against a witness,

victim, or an informant).

## **DAMAGES**

33.     Michael Gill has sustained damages, including all direct, indirect,

consequential, and foreseeable damages, disgorgement of past, present, and future monies

related to the Defendant's dealings with the Plaintiff, and enhanced compensatory or

punitive damages as allowed,  ALL TO THE DAMAGE OF THE PLAINTIFF OF AN

AMOUNT WITHIN THE JURISDICTIONAL LIMITS OF THIS COURT.

## **JURY DEMAND**

34.     Plaintiff requests a jury trial on factual issues.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff requests that the Court award:

       A.     Actual damages as determined at trial;

       B.     Award damages and costs for breach of the covenant of good faith
and fair dealing;

       C.     Award non-punitive damages attorney's fees and costs associated
with bringing this action; and

       D.     Award treble damages and attorney fees as allowed by 18 USCS §
1964 (c).

E.   Such further relief as this honorable court and jury deems just and

equitable.

Dated: September 12, 2014                          Respectfully submitted,

MICHAEL J. GILL, *Pro Se*
c/o The Mortgage Specialists, Inc.
9 Andrews Road
Somersworth, NH  03878
Tel. No.:  (603) 841-1000
mgill@themortgagespecialists.com